UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------------x
: 
In re: : Chapter 11
:
REMY WORLDWIDE HOLDINGS, INC., *et al.*,[1] : Case No. 07 – 11481 (KJC)
:
Debtors. : (Jointly Administered)
:
: Ref. Docket Nos. 17 & 51
:
---------------------------------------------------------------x

**FINAL ORDER (I) SCHEDULING A COMBINED HEARING TO APPROVE THE ADEQUACY OF THE SOLICITATION AND DISCLOSURE STATEMENT AND THE PREPETITION SOLICITATION PROCEDURES AND CONFIRM THE PLAN OF REORGANIZATION, (II) ESTABLISHING DEADLINES AND PROCEDURES FOR FILING OBJECTIONS TO APPROVAL OF THE SOLICITATION AND DISCLOSURE STATEMENT OR THE PREPETITION SOLICITATION PROCEDURES OR CONFIRMATION OF THE PLAN, (III) DIRECTING THE OFFICE OF THE UNITED STATES TRUSTEE TO NOT CONVENE A MEETING OF CREDITORS OR EQUITY SECURITY HOLDERS AND (IV) APPROVING FORM AND MANNER OF NOTICE OF CONFIRMATION HEARING (WITH RESPECT TO 341(e) RELIEF)**

Upon the motion (the "Motion")[2] of Remy Worldwide Holdings, Inc., on behalf of itself and its affiliated debtors and debtors in possession in the above-captioned cases

---

[1] The Debtors in these proceedings are: Remy Worldwide Holdings, Inc. (Tax ID No. XX-XXX1720); Ballantrae Corporation (Tax ID No. XX-XXX3201); Western Reman Industrial, Inc. (Tax ID No. XX-XXX9762); HSG I, Inc. (Tax ID No. XX-XXX1750); HSG II, Inc. (Tax ID No. XX-XXX1751); International Fuel Systems, Inc. (Tax ID No. XX-XXX0654); iPower Technologies, Inc. (Tax ID No. XX-XXX9859); M. & M. Knopf Auto Parts, L.L.C. (Tax ID No. XX-XXX8102); Marine Corporation of America (Tax ID No. XX-XXX4826); NABCO, Inc. (Tax ID No. XX-XXX5668); Power Investments Marine, Inc. (Tax ID No. XX-XXX1862); Power Investments, Inc. (Tax ID No. XX-XXX7602); Powrbilt Products, Inc. (Tax ID No. XX-XXX8592); Publitech, Inc. (Tax ID No. XX-XXX8549); Reman Holdings, L.L.C. (Tax ID No. XX-XXX8057); Remy Alternators, Inc. (Tax ID No. XX-XXX1999); Remy India Holdings, Inc. (Tax ID No. XX-XXX0043); Remy International, Inc. (Tax ID No. XX-XXX9253); Remy International Holdings, Inc. (Tax ID No. XX-XXX4050); Remy Korea Holdings, L.L.C. (Tax ID No. XX-XXX4050); Remy Logistics, L.L.C. (Tax ID No. XX-XXX2157); Remy Powertrain, L.P. (Tax ID No. XX-XXX0548); Remy Reman, L.L.C. (Tax ID No. XX-XXX9101); Remy Sales, Inc. (Tax ID No. XX-XXX0653); Remy Inc. (Tax ID No. XX-XXX9405); Unit Parts Company (Tax ID No. XX-XXX4509); Western Reman Industrial, LLC (Tax ID No. XX-XXX9665); World Wide Automotive, L.L.C. (Tax ID No. XX-XXX1141); and World Wide Automotive Distributors, Inc. (Tax ID No. XX-XXX8559), each with a mailing address of 2902 Enterprise Drive, Anderson, IN 46013.

[2] All capitalized terms not otherwise defined herein have the meanings ascribed to them in the Motion.

(collectively, the "Debtors"), seeking entry of an order (i) Scheduling a Combined Hearing to Approve the Adequacy of the Solicitation and Disclosure Statement and the Prepetition Solicitation Procedures and Confirm the Plan of Reorganization, (ii) Establishing Deadlines and Procedures for Filing Objections to the Approval of the Solicitation and Disclosure Statement or the Prepetition Solicitation Procedures or Confirmation of Plan, (iii) Directing the Office of the United States Trustee To Not Convene a Meeting of Creditors or Equity Security Holders and (iv) Approving the Form and Manner of Notice of the Confirmation Hearing [Docket No. 17]; and upon the Affidavit of John H. Weber in Support of Chapter 11 Petitions and First Day Motions and Applications, sworn to on October 5, 2007; and the Court having entered on October 10, 2007, the Order: (i) Scheduling a Combined Hearing to Approve the Adequacy of the Solicitation and Disclosure Statement and the Prepetition Solicitation Procedures and Confirm the Plan of Reorganization, (ii) Establishing Deadlines and Procedures for Filing Objections to the Approval of the Solicitation and Disclosure Statement or the Prepetition Solicitation Procedures or Confirmation of the Plan, (iii) Directing the Office of the United States Trustee to Not Convene a Meeting of Creditors or Equity Security Holders and (iv) Approving Form and Manner of Notice of Confirmation Hearing [Docket No. 51] (the "Prior Order") granting the relief requested in the Motion, except with respect to the Contingent Waiver (defined below); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these chapter 11 cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having determined that the relief requested with respect to the permanent waiver of the 341 meeting requirement in the event the Plan is confirmed within 90 days after the Petition Date (the

"Contingent Waiver") is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and after due deliberation thereon; and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED, with respect to the Contingent Waiver. The Prior Order shall remain in full force and effect with respect to all relief granted therein.

2. The U.S. Trustee is directed pursuant to section 341(e) of the Bankruptcy Code to not convene a 341 meeting of creditors if the Plan is confirmed within 90 days after the Petition Date.

3. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and enforcement of this Order.

Dated: **Nov 5**, 2007
Wilmington, Delaware

KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE